Nott, Ch. J.,
delivered the opinion of the court:
The petition in this case avers that the defendants were indebted to the claimant for a balance of seaman’s wages, and *237 that the money is withheld by reason of the sentence of a. naval court-martial. The petition then goes on to state that this court-martial was convened on board the U. S. S. Texas April 14, 1897, and that the claimant was absent from the court during- one day’s proceedings. The petition then negatives the condition which would have justified a prisoner’s absence from a court-martial by saying that during this dajr of absence the judge-advocate was present throughout said session, that it was not a secret one, or closed for the purpose of any vote, deliberation, opinion, or sentence. • The petition then, probably with intent to put the whole case before the court, concedes that the claimant and his counsel, who was a naval lieutenant, would have been permitted to be present. had either applied for leave, and that neither objected to the absence of either, and neither was present; that the assembling of a court-martial on that day was otherwise in conformity to order. The question, therefore, presented is whether the absence of a prisoner or his counsel for one day during the sitting of a court-martial without request to be present or objection to. the court’s sitting without the presence of the prisoner renders the sentence of the court void.
The counsel for claimant relies, among other authorities, upon the decision of the Supreme Court of Kentucky in Allen v. The Commonwealth (86 Ky. R., 643), in which there is a long array of authorities cited, and in which it is held that “in cases of felony, the accused has the right to be present, and must be present during the whole of the trial, and until the final judgment;” and upon a case in 55 N. Y. R., 35, where it is held “that every court is composed of three constitutional parts, the plaintiff, the defendant, and the judicial power to examine the facts, determine the law', and apply the remedy.”
The claimant also cites the decision of the Supreme Court in Lewis v. United States (146 U. S. R., 370, 372):
“ A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has, at times and in the cases of misdemeanors, been somewhat relaxed, yet in felonies it is not in the power of the prisoner, either by himself or by his counsel, to waive the right to be personally present during the trial. It would be contrary to the dictates of humanity to let him waive the advantage which *238 .a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defense with indulgence. (Prine v. The Commonwealth, 18 Penn. St., 103, 104, per Gibson, C. J.) And it appears to be well settled that where the personal presence is necessaiy in point of law the record must show the fact.”
Chief Justice Coolej^ states the rule with chai’acteristic clearness and precision:
“In cases of felony, where the prisoner’s life or liberty is in peril, he has the right to be present, and must be present, •during the whole of the trial, and until the final judgment. If he be absent, either in prison or by escape, there is a want of jurisdiction over the person, and the court can not proceed with the trial, or receive the verdict, or pronounce the final judgment.” (Cooley’s Const. Limitations, p. 319.)
It is manifest that a prisoner in custody is not a free agent, who may walk in or out of court as it may please him. His being in court depends upon proper authority bringing him there. It can not, therefore, be said that he waives anything by his absence.
In a civil court the accused may be out on bail, and, ordinarily, must be represented by counsel, who can watch his interests more effectively than he can himself. If it is desirable or necessary that the prisoner in a civil court be present at every proceeding after indictment, it seems to be still more so. that a prisoner before a court-martial should be present, for he ordinarily is not represented by counsel learned in the law and watchful of his interests, but (as in this case) by some naval officer acting from a humane motive. Undoubtedly in the past court-martials have been harsh and arbitrary tribu nals. The tendency of modern law has been to restrict their powers and curtail them discretion. This is well summed up by the New York Court of Appeals:
“The power of courts-martial was formerly more extensive than now, and was often exercised in the most arbitrary manner. Blackstone denounced this unlimited power by contrasting it with the certainty and precision of the common law, and expressed his sympathy with those who were subject to their jurisdiction in the following forcible paragraph: ‘How much, therefore, it is to be regretted that a set of men whose bravery has so often preserved the liberties of their countiy should be reduced to a state of servitude in the midst of a nation of freemen!’ (3 Blackstone, 416.) The power of these *239 ■courts has been very much restricted and limited since that period, and it is not strange that some of their more rigorous practices should be also modified in a country making still higher pretensions to freedom.” (People ex rel. Garling v. Van Allen, 55 N. Y. R., 31, 35.)
With such an array of authorities this court can not entertain a doubt concerning the general principle above set forth. But a doubt is raised by the claimant’s petition, which does not set forth or disclose the offense with which he was charged. The authorities quoted refer to cases of felony" and not to cases trivial in their nature. The petition sets forth nothing which would indicate' that-the claimant was tried for an offense whereby life or liberty was put in jeopardy. The trivial sentence of the court-martial, a deprivation of pajT to the amount •of §10, indicates that the charge was for some trivial offense, to be punished by a reprimand or the deprivation of a small amount of pay. We do not find anjr decision bearing upon this point, and in the absence of one we think it reasonable to follow the rule which prevails in civil cases. Where the offense charged is trivial and the punishment is likewise trivial a civil ■court should not be called upon to examine the legality of the sentence of a court-martial; and when called upon is not required by substantial justice to apply a stricter rule than that which prevails in ordinary criminal cases.
The judgment of the court is that the defendant’s demurrer be sustained, and that the petition of the claimant be dismissed.